UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIO MERCADO,

          Plaintiff,

    v.

SGT. PEREZ, et al.,

          Defendants.

No.  2:25-cv-3072 CSK P

ORDER

Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

## I.   SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

## II.    PLAINTIFF'S COMPLAINT

Named as defendants are Sergeant Perez, Mule Creek State Prison ("MCSP") Warden, MCSP Captain and MCSP.  (ECF No. 1 at 2.)

Plaintiff claims that on July 27, 2025, he was denied access to religious services by defendants Perez, MCSP Warden and MCSP Captain.  (Id. at 3.)  Plaintiff claims that 1 block inmates were allowed to attend protestant service while 2 block inmates were not.  (Id.)  Plaintiff's claims are described in more detail in a copy of a grievance attached to the complaint.  (Id. at 9-11.)  Plaintiff claims that on July 27, 2025, defendant Perez told plaintiff that there would be no chapel service because of a staff assault that happened in building 4 the evening before.  (Id. at 11.)  Plaintiff claims that there was a worship service for Christians, but only three inmates from building 1 were allowed to attend.  (Id.)  Plaintiff later asked Correctional Officer Lopez why plaintiff was not allowed to attend church.  (Id.)  Correctional Officer Lopez told plaintiff that defendant Perez was supposed to send custody staff to escort plaintiff and other Christians, but it turned out that defendant Perez had a barbeque picnic while there was supposed to be chapel services.  (Id.)  In the complaint, plaintiff claims that he has been continually denied the right to exercise his religion.  (Id. at 3.)  Plaintiff claims that there are Sundays when custody staff delay program.  (Id.)

As legal claims, plaintiff alleges violation of the First Amendment, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), the right to due process, the Eighth Amendment and retaliation.  (Id. at 3-5.)

///

///

///

**III.    DISCUSSION**

    **A.    First Amendment and RLUIPA**

        1.  Legal Standard for First Amendment Claim

The First Amendment guarantees a prisoner the right to the free exercise of his religion. See Cruz v. Beto, 405 U.S. 319, 322-23 (1972).  A prisoner's right to free exercise of religion "is necessarily limited by the fact of incarceration."  Ward v. Walsh, 1 F.3d 873, 876 (9th Cir. 1993) (citing O'Lone v. Shabazz, 482 U.S. 342, 348 (1987) ("[T]he free exercise right ... is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security.").

A prisoner's rights under the First Amendment's Free Exercise Clause are implicated when a prison official, without justification that is reasonably related to a legitimate penological interest, burdens the prisoner's practice of his religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith.  See Shakur v. Schriro, 514 F.3d 878, 884 (9th Cir. 2008).  In addition, to violate the Constitution, the interference with religious practice must be more than an inconvenience; it must substantially burden the exercise of religion.  See Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), abrogated on other grounds as recognized in Shakur, 514 F.3d at 884-85.

        2.  Legal Standard for RLUIPA Claim

"To state a claim under RLUIPA, a prisoner must show that: (1) he takes part in a 'religious exercise,' and (2) the State's actions have substantially burdened that exercise."  Walker v. Beard, 789 F.3d 1125, 1134 (9th Cir. 2015) (citing Shakur, 514 F.3d at 888-89 (9th Cir. 2008)).  "If the prisoner satisfies those elements, then the State must prove its actions were the least restrictive means of furthering a compelling governmental interest."  Id. (citing Warsoldier v. Woodford, 418 F.3d 989, 995 (9th Cir. 2005)).

"RLUIPA does not define 'substantial burden,' but [the Ninth Circuit] has held that 'a substantial burden on religious exercise must impose a significantly great restriction or onus upon such exercise.'"  Hartmann v. CDCR, 707 F.3d 1114, 1124–25 (9th Cir. 2013) (quoting San Jose Christian Coll. v. City of Morgan Hill, 360 F.3d 1024, 1034 (9th Cir. 2004)).  "In the context of a

4

prisoner's constitutional challenge to institutional policies, this court has held that a substantial burden occurs 'where the state ... denies [an important benefit] because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" Id. (quoting Warsoldier v. Woodford, 418 F.3d 989, 995 (9th Cir. 2005)).

3. Analysis

While plaintiff claims that he has been continually denied the right to practice his religion, plaintiff identifies only one occasion when he was denied access to religious services, i.e., July 27, 2025.  Under either the First Amendment or RLUIPA, plaintiff's conclusory claim that he has been continually denied the right to practice his religion is insufficient to demonstrate that he was denied the right to practice his religion on more than the one occasion alleged in the complaint. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)  ("Threadbare recitals of the elements of a cause of action, support by mere conclusory statements, do not suffice [to state a § 1983 claim].").

Plaintiff's claim that he was denied access to chapel services on July 27, 2025 does not demonstrate that defendants placed a substantial burden on plaintiff's exercise of religion in violation of the First Amendment or RLUIPA.  Courts in the Ninth Circuit have routinely held that the denial of a religious practice on a single, isolated occasion does not constitute a "substantial burden" and thus does not violate the First Amendment.  See, e.g., Howard v. Skolnik, 372 F. App'x 781, 782 (9th Cir. 2010) (summary judgment on free exercise claim was appropriate where inmate's allegation of two incidents where prison staff interfered with his fasting did not amount to a substantial burden);  Pouncil v. Sherman, 2018 WL 646105, at *3 (E.D. Cal. Jan 31, 2018) (free exercise claim dismissed at screening because allegation of denial of meals for a single night of Ramadan did not present a substantial burden); Murie v. Crossroads Corr. Ctr., 2017 WL 2265145, at *3 (D. Mont. Feb. 24, 2017) (free exercise claim dismissed at screening because allegation that plaintiff was not allowed to attend a sweat lodge on a single occasion did not present a substantial burden); Hampton v. Ayers, 2011 WL 2565358, at *14-15 (C.D. Cal. June 2, 2011), findings and recommendations adopted, 2011 WL 2563246 (C.D. Cal. Jun. 28, 2011) (summary judgment in favor of defendant appropriate because a single incident of interrupting a religious service was not a substantial burden on plaintiff's religious exercise);

Glover v. Evans,  2007 WL 3022249, at *2 (N.D. Cal. Oct. 15, 2007) (religious exercise claim dismissed at screening because allegation of not being provided with religion-appropriate meal on a single occasion did not state a constitutional violation).  Plaintiff's claim that he was denied access to religious services on July 27, 2025 also fails to demonstrate a substantial burden on his right to exercise his religion under RLUIPA.  See Camacho v. Shields, 368 Fed. Appx. 834, 835 (9th Cir. March 3, 2010) (prison official's interruption of a prisoner's prayers on one occasion did not constitute a substantial burden under RLUIPA).  Accordingly, plaintiff's First Amendment and RLUIPA claims are dismissed.

If plaintiff files an amended complaint, plaintiff is informed that the Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

If plaintiff files an amended complaint raising First Amendment and RLUIPA claims,

6

plaintiff must link each named defendant to the alleged deprivations.

**B.     Remaining Claims**

Plaintiff claims that the denial of access to religious services on July 27, 2025 violated his right to due process, the Eighth Amendment and constituted retaliation.  Plaintiff fails to explain how his denial of access to religious services on July 27, 2025 violated his right to due process and this Court does not find that these allegations state a potentially colorable due process claim. Accordingly, plaintiff's due process claim is dismissed.

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment.  See Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted).  To establish a violation of this duty, a prisoner must first demonstrate an objectively serious deprivation, one that amounts to the denial of "the minimal civilized measures of life's necessities." Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (quoting Rhodes v. Chapman, 452 U.S. 337, 346 (1981)).  Second, a prisoner must demonstrate that prison officials acted with "deliberate indifference."  Wilson v. Seiter, 501 U.S. 294, 303 (1991).  A prison official is liable for denying an inmate humane conditions of confinement only if "the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer, 511 U.S. at 837.  Based on these legal standards, this Court finds that plaintiff's claim that he was denied access to religious services on July 27, 2025 fails to state an Eighth Amendment claim.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).  To properly allege retaliatory motive, a plaintiff must allege facts demonstrating that plaintiff's protected conduct was the "substantial" or "motivating" factor behind defendant's conduct.  See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009).  Plaintiff pleads no facts demonstrating that his

7

denial of access to religious services on July 27, 2025 was based on retaliation for his protected conduct.  Accordingly, plaintiff's retaliation claim is dismissed.

### C.    Plaintiff's Claims Against Defendant MCSP

For the following reasons, this Court finds that plaintiff's claims against defendant MCSP are barred by the Eleventh Amendment.

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).  Indeed, the Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid congressional override...." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999).  "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." Fireman's Fund Ins. Co. v. City of Lodi, Cal., 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted).  "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court...." Dittman, 191 F.3d at 1025–26 (citing Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985)).  Accordingly, plaintiff's claims against defendant MCSP are barred by the Eleventh Amendment.  Plaintiff shall not name MCSP as a defendant in an amended complaint.

## IV.    LEAVE TO AMEND

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See e.g., West, 487 U.S. at 48.  Also, the complaint must allege in specific terms how each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**V.     CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a.  The completed Notice of Amendment; and

    b.  An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

///

///

///

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated:  May 29, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Mercado3072.14/2

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIO MERCADO,

           Plaintiff,

   v.

SGT. PEREZ, et al.,

           Defendants.

No.  2:25-cv-3072 CSK

NOTICE OF AMENDMENT

    Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

☐    Amended Complaint

(Check this box if submitting an Amended Complaint)

DATED:

_____
Plaintiff

11